### MARY F. HIGGINS *v.* MATILDA A. POWELL.

**Wills—Subscribing to Will.**

> A will must be subscribed by the testator at the close of the writing and is invalid where a vacant page of paper or more is left above subscription, but a will signed at the close but in which a blank page or a large part thereof is left in the middle of the instrument is prima facie valid.

#### APPEAL FROM HENDERSON CIRCUIT COURT.

#### October 13, 1876.

OPINION BY JUDGE COFER:

In the case of *Soward v. Soward,* 1 Duv. 126, it appeared that the paper offered for probate as a will consisted of an ordinary sheet of paper, the writing on which occupied the first, and a little over half of the second page, and was signed at the close thereof by the testator. The names of the subscribing witnesses were signed on the fourth or last page, and were separate from the close of the writing, and the signature of the testator, by nearly two blank pages, and it was held that that was not a good attestation, because the statute required the witnesses to "subscribe the will with their names." The court held that to subscribe a writing with the name of a party or witness, was to sign the name at the close of the writing, and that a name separated from the end of the writing by nearly two blank pages was not subscribed to the writing, and therefore that Soward's will was ill executed, and was invalid.

In this case the will is written on an ordinary sheet of foolscap paper, the writing being on the first and third pages, leaving the second page blank, and signed at the end thereof by the testator and witnessed by the names of two witnesses following immediately after the signature of the testator.

The statute requires the name of the testator to be subscribed to the will, and in the case supra it was held that that was equivalent to requiring his name to be signed at the close of the writing, and that

as the statute required the names of the witnesses to be subscribed, it must be held to require their names also to be at the close of the will, and because that was not done the will was rejected. In this case the signatures of the testator and witnesses are at the close of the writing, and in that respect there is a literal compliance with the law.

But it is contended that the object in requiring the names of the testator and witnesses to be subscribed at the close of the will was to prevent frauds, and that to leave blank pages, anywhere between the beginning and close of a will will leave open the same door for fraud which the statute was enacted to close, and that upon the commonly recognized canon for the construction of statutes of the nature of that under consideration, that "A thing which is within the intention of the makers of the statute is as much within the statute as if it were within the letter," the will in contest should be held to be invalid.

There is force in the argument, but when the letter of the statute has been complied with in a case like this, we incline to the opinion that the safer and more reasonable rule is to hold that, prima facie, the will is valid, and especially so when upon an inspection of the paper and writing it is plain that there not only has not been any additions to the will, but could not have been any which could have escaped detection.

The rule contended for does not seem to us to be necessary in order to guard against the mischief which led to the passage of the statute. It can hardly happen that fraudulent additions can be made upon blank pages in the body of a will without easy detection, and it would be going a great way to assume, in the first place, that such blank pages are equally a mischief with that intended to be remedied by requiring the testator and witnesses to sign their names at the close of the will, and then to hold by construction that the assumed mischief, of the existence of which the statute gives no intimation, should invalidate a will executed in all respects according to the letter of the law. When there has been a compliance with the letter of the statute, we think the safer rule is to leave the question of alterations or additions to be settled as a question of fact, and not to preclude all such inquiry by an arbitrary rule of law, and especially when such a rule is to be established by a doubtful judicial assumption that such was the intention of the legislature.

Judgment *affirmed*.

*H. F. Turner*, for appellant.    *Clay & Coleman*, for appellee.